UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN DUANE WATTS and
ANTONIO BERRY,

      Plaintiffs,

v.

THE CORRECTIONS COMMISSION OF
THE STATE OF MICHIGAN, *et al.*,

      Defendants.
_____/

Case No. 17-12958

Honorable Nancy G. Edmunds

## **ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* [2] AND DISMISSING THE COMPLAINT**

This matter comes before the Court on Plaintiffs' application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court has reviewed Plaintiffs' application and affidavit and GRANTS their request to proceed *in forma pauperis* (Dkt. # 2). For the reasons that follow, however, the Court dismisses Plaintiffs' complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

The standards governing *in forma pauperis* motions are set forth in 28 U.S.C. § 1915(a). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a person who submits an affidavit that he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). Plaintiffs claim that they are unemployed and rely on disability or worker's compensation payments for subsistence. Based on this affidavit, the Court grants Plaintiffs' application to proceed without prepayment of fees pursuant to 28 U.S.C. § 1915.

Even when a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in § 1915(e)(2). *See* 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Specifically, the district court is obligated to dismiss a civil complaint if it is "frivolous . . .; [or] fails to state a claim on which relief may be granted." § 1915(e)(2)(B). While the Court is mindful that a *pro se* litigant's complaint is held to "less stringent standards" than a complaint drafted by counsel, it must contain facts sufficient to show that a redressable legal wrong has been committed. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *see also* Fed. R. Civ. P. 12(b). Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

Here, Plaintiffs sue fifteen Defendants for several unrelated reasons bringing a number of constitutional claims under 42 U.S.C. § 1983 . The complaint contains vague and general allegations of harassment by police and 36th District Court Judges. Plaintiffs make allegations of "cover-ups," but it is unclear who covered up what. The complaint also includes allegations against individuals and entities not named as defendants.

After reviewing the complaint, the Court finds that Plaintiffs have failed to follow the rules of pleading set forth in Rule 8(a) of the Federal Rules of Civil Procedure which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Even liberally construing the complaint, the Court finds that Plaintiffs have failed to allege factual grounds showing that they are entitled to any relief from Defendants. As to Defendants Corrections Commission of the State of Michigan, Detroit Federal Bureau of Investigation, Barbara McQuade, City of Detroit Traffic and Ordinance Division, Mike Duggan, Detroit Friend of the Court, James Craig, Arthur

McNamara, Charles Reed, Robert Wallet, and James Raby, the complaint contains no factual allegations of any wrongdoing whatsoever.

The Court further finds that some of Plaintiffs' claims are untimely. State law provides the statute of limitations to be applied in a Section 1983 action for damages, and Michigan has a three-year statute of limitations for such claims. *Carroll v. Wilkerson*, 782 F.2d 44, 45 (6th Cir.1986) (citing Mich. Comp. Laws § 600.5805(8)). "The statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 856 (6th Cir. 2003) (quotations and citations omitted). As to Defendants Benny Napoleon and Marvin Redmond, the allegations in the complaint relate to a drug raid that took place in October 1994--well before the three years prior to the filing of the complaint. As to Defendant Judge Franco, the allegations in the complaint relate to a sentence of five days in jail that he imposed on Plaintiff Watts in 1988, also well outside the statute of limitations period.

Additionally, Plaintiffs' allegations against Judge Franco and other 36th District Court Judges fail because judges and judicial employees are entitled to absolute immunity on claims for damages. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (finding that a judge performing judicial functions is absolutely immune from suit seeking monetary damages even if acting erroneously, corruptly or in excess of jurisdiction); *Collyer v. Darling*, 98 F.3d 211, 221 (6th Cir.1996) (citing *Mireles*, 502 U.S. at 9); *see also Kircher v. City of Ypsilanti*, 458 F. Supp. 2d 439, 446-47 (E.D. Mich. 2006) (noting that judges are entitled to absolute judicial immunity).

Lastly, Plaintiffs bring malicious prosecution, false arrest, and false imprisonment claims against Defendant David Harmon, FBI agent. Where probable cause to arrest

3

exists, no constitutional violation occurs. *Criss v. City of Kent*, 867 F.2d 259 (6th Cir. 1988). Further, a plaintiff must allege four elements to proceed on a malicious prosecution claim: (1) that a criminal prosecution was initiated against the plaintiff, and that the defendant made, influenced, or participated in the decision to prosecute; (2) that there was a lack of probable cause for the criminal prosecution; (3) that as a consequence of the legal proceeding, the plaintiff suffered a deprivation of liberty, apart from the initial seizure; and (4) that the criminal proceeding was resolved in the plaintiff's favor. *Sykes v. Anderson*, 625 F.3d 294, 308 (6th Cir. 2010).

The complaint in this case states:

Federal Agent Harmon did order Officer Pettit, Badge #2619, Precinct NWD to arrenst [sic] Plaintiff on or around May 22, 2008, for threatening 36th District Court Judge Marilyn E. Atkins on the telephone. The Plaintiff was arraigned on May 23, 2008 and the charges were reduced to a misdemeanor charge. Federal Agent David Harmon intentionally kept [the case] in the lien system for 6 years as a felony. Plaintiff continued to be arrested on felony charges for 6 years and he kept giving Plaintiff excessive bonds . . . . Plaintiff's case . . . was eventually dismissed on September 12, 2014. The complaining witness refused to prosecute Plaintiff again.

(Dkt. # 1 at 2).

Noticeably absent from the complaint is any allegation that Plaintiff Watts did not threaten Judge Atkins or that Harmon lacked probable cause; any allegation regarding the subsequent arrests; or any allegation that Harmon influenced or participated in the decision(s) to prosecute. Accordingly, even assuming the above allegations are true, Plaintiffs have failed to allege facts sufficient to show that Harmon committed a legal wrong.

The Court concludes that Plaintiffs have failed to state any claim against Defendants upon which relief may be granted. This action is DISMISSED WITH PREJUDICE. In addition, pursuant to 28 U.S.C. § 1915(a)(3), this Court hereby certifies that an appeal may

4

not be taken *in forma pauperis* because it would not be taken in good faith. This order closes the case in its entirety.

    SO ORDERED.

                                S/Nancy G. Edmunds
                                Nancy G. Edmunds
                                United States District Judge

Dated: October 17, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 17, 2017, by electronic and/or ordinary mail.

                                S/Carol J. Bethel
                                Case Manager